**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID T. ROUGEAU, #26299-078** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:20cv682** |
| | § | **CRIMINAL ACTION NO. 4:16cr54(1)** |
| **UNITED STATES OF AMERICA** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is *pro se* Movant David T. Rougeau's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, in which he challenges his Eastern District of Texas, Sherman Division conviction.  After reviewing the case, the Court concludes that Movant's § 2255 motion should be denied and dismissed with prejudice.

## I.  BACKGROUND

On March 22, 2017, Movant was sentenced to 168 months' imprisonment after he pled guilty to Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Possession of a Firearm During, and in Relation to, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The Judgment issued on March 23, 2017.  Crim. ECF (Dkt. #42).  On January 5, 2018, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") dismissed Movant's appeal as frivolous.  Crim. ECF (Dkt. #50).  Movant did not file a petition for writ of certiorari, but he filed the instant § 2255 motion on September 7, 2020, the date he states he placed it in the prison mail system.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date the prisoner delivered his papers to prison authorities for filing).   The Court did not order Respondent to file a Response.

1

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted.  A one-year statute of limitations was set for motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction.  A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

In the present case, the Fifth Circuit dismissed Movant's appeal on January 5, 2018, and he did not file a petition for writ of certiorari in the United States Supreme Court.  Thus, Movant's conviction became final ninety days later – on April 5, 2018, the last day on which he could have filed a petition for writ of certiorari. *See* Sup. Ct. R. 13(1) (a petition for writ of certiorari is timely when it is filed with the clerk within ninety days after entry of the judgment); *Clay v. United States*, 537 U.S. 522, 532 (2003). Therefore, to be timely, the present § 2255 motion must have been filed by April 5, 2019.  He did not file it until September 7, 2020 – one year, five months, and two days beyond the limitations period.  Accordingly, Movant's § 2255 motion is barred from consideration by the AEDPA statute of limitations unless he has shown he is entitled to equitable tolling.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling

is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The movant bears the burden of proving he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998).  To qualify for such equitable tolling, the movant must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

The Court provided Movant the opportunity to address the timeliness of his motion (Dkt. #3). In his Response, Movant claims it took several weeks for him to receive his legal paperwork at USP McCreary and that the facility was on lockdown for weeks barring him from access to the legal library, the law computer, and all research materials.  He further asserts that he was later transferred to USP Terre Haute and it took over thirty days for him to receive his property including his legal materials.  Petitioner was then transported to Eden, Texas "to answer to a pending State case."  He further asserts that the facilities were on lockdown for various unstated reasons and the facilities were on lockdown due to Covid-19.  Finally, he asserts he is "unversed" in the law (Dkt. #6).

Movant's allegation that he was subject to transfers that resulted in separation from his legal paperwork does not entitle him to equitable tolling.  *See United States v. Cockerham*, Civ. No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012) ("Transfers to other facilities resulting in separation from legal papers are not rare and extraordinary and do not warrant

equitable tolling."). Transfers and delays in receiving paperwork are parts of prison life that do not, alone, constitute grounds for equitable tolling. *Lewis v. Casey*, 518 U.S. 343, 362 (1996)*; see also, e.g., Wallace v. United States*, 981 F. Supp.2d 1160, 1165 (N.D. Ala. 2013) (transfers between institutions and lack of ready access to legal paperwork and law libraries are not extraordinary circumstances - they are typical incidents of prison life). This allegation is insufficient to show Movant is entitled to equitable tolling.

Movant next alleges equitable tolling is warranted because of the various lockdowns and ensuing limited access to the prison law library. An institutional lockdown or a delay in access to a law library is not, itself, a rare and exceptional circumstance that warrants equitable tolling. *Lewis*, 518 U.S. at 362 (as long as lockdowns are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance). Movant's conclusory allegation that there were lockdown periods when he could not access the legal materials in the law library, without facts describing how the lack of access prevented him from timely filing his § 2255 motion, is not an extraordinary circumstance that warrants equitable tolling. *See , e.g., United States v. Guerra-Guevara*, Civil No. 4:23cv00032, 2023 WL 4765602 (S. D. Tex. July 26, 2023). To invoke equitable tolling due to the inability to visit the law library, a movant must show that "the lack of library access . . . 'actually *prevented* [him] from timely filing his habeas petition.'" *United States v. Clay*, Crim. No. 2:18-1282-10, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). The Court also notes that the § 2255 form does not require legal argument or citations to case law; in fact, it states that a petitioner should not do so and should simply provide the facts supporting his claims.

Movant next claims disruptions at the facilities due to Covid-19 entitle him to equitable

tolling.  While it is indisputable that the Covid-19 pandemic has caused disruptions, Movant fails to detail how it prevented him from timely filing his § 2255 motion.  Indeed, courts in this district have repeatedly found that delays caused by intermittent lockdowns due to Covid-19 do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition.  *See, e.g., Farley v. Director, TDCJ-CID*, No. 4:21cv676, 2022 WL 2183305, at *3 (E.D. Tex. April 20, 2022), *report and recommendation adopted*, 2022 WL 2181052 (E. D. Tex. June 16, 2022); *Miranda-Ontiveros v. United States,* No. 4:22cv19, 2022 WL 10758547, at *2 (E. D. Tex. February 21, 2022), *report and recommendation adopted*, 2022 WL 10655914 (E.D. Tex. Oct. 17, 2022); *White v. Director, TDCJ-CID*, No. 6:19-v-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021)*, report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021).  Likewise, other districts have held the same because the petitioner "could not show extraordinary circumstances, as his circumstances were not different from any other prisoner attempting to access legal resources, as they were all subject to Covid-19 protocols."  *Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); *United States v. West,* 578 F. Supp.3d 962, 967 (N.D. Ohio Jan. 5, 2022).  A petitioner's failure to show specifically how the Covid-19 pandemic prevented him from timely seeking relief should be dismissed with prejudice as time-barred. *See, e.g., Tillson v. Director, TDCJ-CID*, No. 3:21-cv-789-X-BN, 2021 WL 2211351 (N. D. Tex. May 3, 2021).

Movant next asserts that his transfer to Eden, Texas "to answer to a pending State case" entitles him to equitable tolling.  As before, he fails to show specifically how his time in Eden, Texas, stopped him from completing a standard § 2255 form and submitting it to the prison mail system.  In his § 2255 motion, Movant does not allege that he lacked access to the prison mail system

during the limitations period or that he was physically prevented from mailing his § 2255 form.  This argument is without merit.

Finally, Movant's allegation that he is "unversed" in the law lacks merit as well.  A lack of knowledge of the law and unfamiliarity with the legal process are not sufficient reasons to equitably toll the limitations period.  *Felder,* 204 F.3d at 173; *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002).  In sum, Movant filed his § 2255 motion more than seventeen months beyond the limitations deadline, and he fails to show any valid basis upon which to equitably toll the statute of limitations.   For these reasons, Movant is not entitled to relief.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, this Court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims

on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, Movant is not entitled to a certificate of appealability.

## IV.  CONCLUSION AND ORDER

In sum, Movant filed his § 2255 motion more than seventeen months beyond the AEDPA limitations deadline and he fails to show he is entitled to equitable tolling.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with  prejudice.  A certificate of appealability is **DENIED**.  It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 6th day of September, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE